No. 99-296

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 139N

IN RE THE MARRIAGE OF

MILDRED I. DANIELS,

Petitioner and Appellant,

and

JOSEPH A. DANIELS, III,

Respondent and Respondent.

APPEAL FROM: District Court of the Nineteenth Judicial District,

In and for the County of Lincoln,

The Honorable Michael C. Prezeau, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Scott B. Spencer, Attorney at Law, Libby, Montana

For Respondent:

Stephen H. Dalby, Attorney at Law, Libby, Montana

_____

Submitted on Briefs: March 2, 2000

Decided: May 25, 2000

Filed:

_____

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

1. ¶Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

2. ¶Mildred I. Daniels (Micki) appeals from the Findings of Fact, Conclusions of Law and Decree entered by the Nineteenth Judicial District Court, Lincoln County, which dissolved her marriage to Joseph A. Daniels, III (Joe), and determined and distributed the parties' separate property and marital assets. We affirm.

3. ¶The sole issue on appeal is whether the District Court abused its discretion in distributing the marital estate.

4. ¶The relevant facts are relatively undisputed. Micki and Joe married in 1989 and lived in Libby, Montana, at the time their marriage was dissolved. Micki has been disabled since 1991 and receives monthly disability benefits in the amount of $2,920. Joe has health problems, left his job in 1992, and is unemployable. He requested maintenance from Micki during the dissolution proceedings.

5. ¶Both parties brought significant assets into, and inherited property during, the marriage. They also accumulated both real and personal property during the marriage. The District Court first determined which properties were the parties' separate property and distributed those properties accordingly. It then valued and distributed the marital estate. Both the separate property and marital assets awarded to Micki exceeded the value of those awarded to Joe and Joe's request for maintenance was denied. Micki appeals.

6. ¶*Did the District Court abuse its discretion in distributing the marital estate?*

7. ¶In reviewing a division of marital property, we determine whether the findings on which the trial court relied are clearly erroneous. If not, we will affirm the property distribution absent an abuse of discretion. *In re Marriage of Davis*, 1999 MT 218, ¶ 20, 295 Mont. 546, ¶ 20, 986 P.2d 408, ¶ 20 (citations omitted).

8. ¶In this case, Micki does not contend that any of the District Court's findings of fact are clearly erroneous. She asserts only that the court's distribution of the marital estate is inequitable to her under the circumstances. Her argument, boiled down to its essence, is that she brought more assets to the marriage than did Joe and also contributed more to the parties' expenses and acquisitions of property during the marriage than did Joe. Consequently, she contends she was entitled to more of the marital assets than she received.

9. ¶We observe that Micki received more than 50% of the marital assets identified by the District Court. Moreover, Micki has a monthly income of nearly $3,000 and Joe is essentially destitute; while his situation is largely of his own making, it is reality nonetheless. As the District Court observed in its Memorandum explaining the distribution, the parties proposed "wildly different distributions of the marital estate . . . . [N]either proposal is particularly realistic." Notwithstanding Micki's bringing more assets into--and providing most of the income during--the marriage, the court reasoned that it "cannot justify sending [Joe] away from this 10 year marriage with no assets . . . and no income."

10. ¶It is clear that in distributing both the separate and marital assets, the District Court considered the factors set forth in § 40-4-202(1), MCA. It also explained the reasons for its distribution and, in doing so, addressed the equitable considerations relevant to the facts before it.

11. ¶" 'Discretion' connotes that part of the judicial function which decides questions according to the particular circumstances of the case, uncontrolled by fixed rules of law." *Ingraham v. State* (1997), 284 Mont. 481, 485, 945 P.2d 19, 22 (citations omitted). The standard for abuse of discretion in a dissolution proceeding is whether the trial court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice. *In re Marriage of Engen*, 1998 MT 153, ¶ 26, 289 Mont. 299, ¶ 26, 961 P.2d 738, ¶ 26 (citation omitted).

12. ¶Given the particular circumstances of this case, the reasoned explanation provided by the District Court for its decision, and Micki's failure to advance any authority under which an abuse of discretion could be found, we conclude that the District Court did not abuse its discretion in distributing the parties' marital assets.

13. ¶Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ J. A. TURNAGE

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER

/S/ W. WILLIAM LEAPHART